IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Smith,<br>*also known as* Bar-None-Royal Blackness,<br><br>Plaintiff,<br><br>vs.<br><br>Robert E. Ward, *Dir. Div. of Operations*;<br>James E. Sligh, *Operations Coord. for Div. of Operations*; Jon E. Ozmint, *Former SCDC Director*; Bernard McKie, *Kirkland Corr. Inst. Warden*; Ann Gaston, *Dir. of Classification and Inmate Records*; Coaline Rushton, *Div. Dir. of Security*; John Soloman, *Program Manager Mental Health Div.*.; William Byars, *SCDC Director*; Michael J. Beinor, *MD*; Laurie F. Bessinger, *Former Kirkland Warden*; *in their official and individual capacities*,<br><br>Defendants. | ) C/A No. 9:13-1651-TMC-BM<br>)<br>)<br>)<br>)<br>)<br>) **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil action filed pro se by a state prison inmate who has struck out under the "Three Strikes Rule" of the Prison Litigation Reform Act ("PLRA"). See 28 U.S.C. § 1915(g).[1] Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint (ECF No. 1), Motion for Preliminary Injunction (ECF No. 3), and

---

[1] It is clear that this prisoner has previously filed three frivolous civil actions in this Court in which strikes were entered against him. See, e. g., Smith v. Williams, et al., C/A No. 0:97-cv-1918-PMD-BM (D.S.C.); Smith v. Rutherford, et al., C/A No. 0:97-cv-1201-PMD-BM (D.S.C.); Smith v. Bessinger, et al., C/A No. 0:97-cv-0051-PMD-BM (D.S.C.); Smith v. Rouse, et al., C/A No. 0:96-cv-1900-PMD-BM (D.S.C.); see also Blakely v. Wards, 701 F.3d 995, 996 (4th Cir. 2012) ["the fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g)."]; McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ["nothing in our analysis of dismissals for failure to state a claim suggests that dismissals for frivolousness should be exempted from the § 1915(g)'s strike designation, even when the dismissal is rendered without prejudice."].



Motion for an Order for Mental Examination (ECF No. 4), pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the PLRA, and in light of the following precedents: Denton v. Hernandez, 504U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519(1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v.Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S.5 (1980); Estelle v. Gamble, 429 U.S. 97, (1976). Even when considered under this less stringent standard, however, the undersigned finds and concludes for the reasons set forth hereinbelow that the pro se Complaint is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(g). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Servs., 901 F.2d 387 (4thCir. 1990).

## DISCUSSION

Plaintiff is seeking monetary damages, declaratory and injunctive relief. Plaintiff alleges that he has been confined since January 19, 2013, in the Special Management Unit ("SMU") of the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC") in Pelzer, South Carolina. Plaintiff alleges that he was previously confined in the Maximum Security Unit ("MSU") of the Kirkland Correctional Institution ("KCI") in Columbia, South Carolina, for approximately eighteen years. Plaintiff alleges that he was placed in KCI's MSU

2

after being transferred from the Broad River Correctional Institution ("BRCI") on April 18, 1995, subsequent to a prison disturbance (riot) at BRCI. Plaintiff's Complaint asserts eight different "claims - causes of action," as follows: "1. Denial of due process - liberty interest; 2. Sensory deprivation - isolation; 3. Retaliation; 4. Denial of equal protection of law; 5. Conspiracy against civil rights - sham; 6. Perjury - obstruction of justice; 7. Defamation - intentional infliction of emotional distress; and 8. Deliberate indifference." Complaint, ECF No. 1, p. 6.

The "Three Strikes Rule" is a Congressional enactment that applies nationwide, and is not a judicially-created rule. By enacting the statute in which the rule is established, Congress determined that, except under very limited circumstances, prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, shall be barred from pursuing certain types of federal civil rights litigation. See 28 U.S.C. § 1915(g); Green v. Nottingham, 90 F.3d 415, 417-20 (10th Cir. 1996) [three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively]; cf. In re Sargent, 136 F.3d 349 (4th Cir. 1998). As a result, only a Complaint that may be liberally construed as alleging a claim stating an "imminent danger of serious physical injury" to Plaintiff may be served, unless Plaintiff pays the full $400.00 filing fee.[2] See 28 U.S.C. § 1915(g).[3]

---

[2] Effective May 1, 2013, the Judicial Conference added an administrative fee of $50 to the filing fee of $350. The $50 administrative fee is not applicable to in forma pauperis cases.

[3] In Lisenby v. Lear, 674 F.3d 259, 263 (4th Cir. 2012), the Fourth Circuit held § 1915(g)'s requirements to be procedural, not jurisdictional, in nature, citing Brickwood Contractors, Inc. v. Datanet Eng'g,Inc., 369 F.3d 385, 394 (4th Cir. 2004) (en banc) [discussing the difference between jurisdictional and procedural rules, noting that "a district court may have subject-matter jurisdiction over a case but yet lack the power to act on a particular claim made within that case," and defining a procedural rule as one that "does not delineate a class of cases that the district court is authorized to hear, but instead sets forth inflexible rules governing the circumstances" under which a court may hear and decide a claim]. Lisenby, 674 F.3d at 263.



Various United States Courts of Appeals have held that, in using the present tense in § 1915(g) and also the term "imminent" (meaning "impending"), Congress intended that "the danger must exist at the time the complaint is filed." Also, the appeals courts have ruled that the imminent danger exception does not apply to harms that have already occurred. See, e. g., Malik v. McGinnis, 293F. 3d 559, 561-62 (8th Cir. 2002) (citing Abdul-Akbar v. McKelvie, 239 F. 3d 307, 323 (3rd Cir.2001)); Medberry v. Butler, 185 F. 3d 1189, 1193 (11th Cir. 1999); Banos v. O'Guin, 144 F. 3d 883,884 (5th Cir. 1998) [all holding that "imminent danger" must be assessed at time complaint is filed; prisoner's allegation that he faced danger in past is insufficient to allow him benefit of § 1915(g)'s exception]. To fall under this exception, an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" Johnson v. Warner, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)). In addition, factual allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." See Welch v. Selsky, 2008 WL 238553 at *5 (N.D.N.Y., Jan. 28, 2008) ["The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."]; see also White v. State of Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) [vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger].

Plaintiff's factual allegations focus primarily on his eighteen-year confinement in KCI's MSU. Plaintiff's claims of denial of due process - liberty interest; retaliation; perjury - obstruction of justice; and defamation - intentional infliction of emotional distress,[4] with respect to

---

[4] There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish; hence, there is no liability for compensatory or punitive damages under
(continued...)



4

his former confinement in KCI's MSU, allege violations of Plaintiff's rights which occurred in the past, as he was released from KCI's MSU on January 9, 2013 and transferred to PCI's SMU. Complaint, ECF No. 1, p. 16.[5] These claims plainly do not allege any harms presently occurring to Plaintiff, and therefore fail to meet the "imminent danger" requirement of § 1915(g). Further, because § 1915(g) applies, this initial review need not reach the substantive legal issues presented in Plaintiff's Complaint, unless his claims fit under the exception. See Staley v. Yu, C/A No. 9:07-cv-159-PMD-GCK, 2007 WL 1149874 at *2 (D.S.C. 2007).

Plaintiff's claims of sensory deprivation - isolation; denial of equal protection of law; and conspiracy against civil rights - sham do allege facts concerning Plaintiff's current confinement in PCI's SMU, as well as Plaintiff's former confinement in KCI's MSU. However, these claims do not allege an "imminent threat of serious physical injury" which satisfies § 1915(g). Plaintiff's sensory deprivation - isolation claim alleges:

---

[4](...continued)
§ 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). This is true whether a plaintiff is a free citizen or an incarcerated individual. See, e.g., Mitchell v. Cannon, C/A No. 2:07-3259-PMD-BM, 2009 WL 824202, *18 (D.S.C. March 26, 2009); Lynch v. Falsely, C/A No. 3:09-81-CMC-JRM, 2009 WL 398073, *3 (D.S.C. Feb. 17, 2009). In the absence of actual damages, however, a plaintiff may be able to recover nominal damages for violation of a constitutional right. See Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 308 n. 11 (1986); see also Reyes v. City of Lynchburg, 300 F.3d 449, 453 (4th Cir. 2002) ["Nominal damages may be available in a § 1983 case if a plaintiff was deprived of an absolute right yet did not suffer an actual injury."].

[5] The MSU is a specialized housing unit for inmates who have demonstrated an unwillingness to conform with the rules and regulations of the SMU (a lower level management unit, but still separate from the general population), who have been charged with violent criminal behavior committed while in the general population, and/or for inmates for whom emergency placement has been ordered by the agency director or the division director of operations. See Report and Recommendation, Smith v. Ozmint, et al., C/A No. 9:04-cv-1819-PMD-BM (D.S.C.), ECF No. 302, p. 3-4; Aloe Creme Laboratories, Inc. v. Francine Co., 425 F. 2d 1295, 1296 (5th Cir. 1970) [the court may take judicial notice of its own records].

> The totality of the plaintiff's conditions of continuous confinement to the M.S.U. - SMU has worked a major disruption on his environment to the point where the plaintiff's senses have and are continually becoming impaired. I often find myself staring at the walls of my cell in a daze, until I black out. I am paranoid; afraid to sleep at night, most times I sit on the edge of the bed in the dark and cry to myself, I wonder if I will ever hug my mother again, I've become antisociable - sensitive to loud noise. I've been having relapses, flashbacks of my childhood, flashbacks of mental - physical abuses from my tormentors. I feel agitated; I feel completely isolated from my family. I feel like an outsider, an outcast. I feel humiliated. I hear constant singing in my head and sometimes ringing in my ears. Worthless. I need help.

Complaint, ECF No. 1, p. 13.

The allegations in Plaintiff's Motion for an Order for Mental Health Examination (ECF No. 4) restate the allegations of Plaintiff's claim of sensory deprivation - isolation in his Complaint. Plaintiff's Motion for Preliminary Injunction (ECF No. 4)[6] restates the allegations in Plaintiff's Complaint concerning his due process and equal protection claims, alleges that he will suffer irreparable injury if the motion is not granted, and further alleges that:

> The plaintiff was confined to the maximum security unit for approximately eighteen (18) years 4/18/95 and was transferred to the Perry Special Management Unit (S.M.U.) on 1/9/13; the plaintiff cannot be released from the S.M.U. absent the recommendation of the M.S.U. review board per policy no. OP-22.11 and the final decision of Robert E. Ward. Thus the plaintiff is still under M.S.U. policy no. OP-22.11 jurisdiction.

Motion for Preliminary Injunction, ECF No. 3, p. 10.

---



[6] Pursuant to Fed. R. Civ. P. 65(a), a motion for preliminary injunction must be served on all parties, and the court may issue a preliminary injunction only on notice to the adverse party. The court determines whether the plaintiff has established entitlement to preliminary injunctive relief based on the factors set forth in Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) [finding that transfer of prisoner moots his request for injunctive relief against conditions of confinement in facility from which he was transferred]; Taylor v. Rogers, 781 F.2d 1047, 1051 (4th Cir. 1986). Nothing in Plaintiff's Motions affects the analysis of Plaintiff's Complaint as discussed herein.

Plaintiff's Motion for Preliminary Injunction also alleges that his lengthy confinement in MSU, and the violations of due process and equal protection imposed atypical and significant hardships upon him, compared to the ordinary incidents of prison life, which gave rise to a constitutionally protected liberty interest requiring due process safeguards, which was violated and continues to be violated by Defendants, citing Sandin v. Conner, 515 U.S. 472 (1995). However, the PLRA provides that "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." 42 U.S.C. § 1997e(e).[7] See Cameron v. Cox, C/A No. 1:10-1278-HFF-SVH, 2011 WL 1235308, at *8-10 (D.S.C. Jan. 21, 2011) adopted by, summary judgment granted, in part, summary judgment denied, in part by, summary judgment denied by 2011 WL 1212177 (D.S.C., Mar. 30, 2011) [prisoner seeking recovery for mental anguish, fear, humiliation, and disgrace, cannot recover for such injuries in a § 1983 action]. While § 1997e(e) limits a prisoner's ability to bring a federal civil action for monetary damages for mental or emotional injury suffered while in custody without a prior showing of physical injury, it does not limit a prisoner's right to request injunctive or declaratory relief.

---

[7] Section 1997e does not define "physical injury" and the Fourth Circuit has not ruled on the issue in a published opinion. However, this District Court, on at least one occasion, has determined that the Fourth Circuit's statements in Evans v. Welch, 213 F.3d 631, 2000 WL 432390, *1 n.2 (4th Cir. 2000), Mayfield v. Fleming, 32 F. App'x 116 (4th Cir. 2002), and Perkins v. Dewberry, 139 F. App'x 599 (4th Cir. 2005) consistently express the view that § 1997e(e) bars claims for mental and emotional injuries when the plaintiff cannot demonstrate more than a de minimis physical injury. See Bellamy v. Eagleton, C/A No. 8:10-cv-1103-HFF--JDA, 2011 U.S. Dist. LEXIS 116210 (July 21, 2011) adopted by, summary judgment granted, in part, summary judgment denied, in part by, without prejudice, summary judgment denied by, without prejudice 2011 U.S. Dist. LEXIS 112086 (D.S.C., Sept. 29, 2011).

7

The threshold question before this Court, however, is not whether Plaintiff's claims have merit or whether they could withstand summary dismissal; rather, the question is whether the violations complained of fit within the "imminent danger of serious physical injury" exception of 1915(g). See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 676 (4th Cir. 2005) [Congress passed the PLRA in 1996 to reduce the number of frivolous lawsuits "that were threatening to overwhelm the capacity of the federal judiciary."]; Cannell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) ["Under . . . § 1915(g), . . . whether dismissal is warranted does not depend upon the merits of the case being brought; certain parties are simply barred from bringing certain actions."]. Plaintiff's allegations do not allege an imminent danger of serious physical injury under § 1915(g). There is no exception to the Three Strikes Rule based upon a showing of an imminent danger of a serious psychological injury. Rather, to come within the exception to the Three Strikes Rule, a prisoner must show an imminent danger of serious physical injury. See Merriweather v. Reynolds, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) ["courts have specifically held that where a prisoner is alleging emotional damages, but has not shown that they are in imminent danger of physical harm, they can still be barred by the PLRA's "three strikes" provision (citing Thompson v. Gibson, 289 F.3d 1218 (10th Cir. 2002)]; Burghart v. Corr. Corp. of Am., 350 F. App'x 278, 280 (10th Cir. 2009) [prisoner's allegations that he suffered constant stress due to the denial of his constitutional rights and that he has and could suffer migraines, cardiovascular [problems], hypertension, fatigue and depression, a suppressed immune system, memory loss, psoriasis, weight gain, sleep disorders, and a shortened life expectancy were conclusory, not credible, and failed to satisfy § 1915(g)]; Lynn v. Roberts, 2011 WL 3667171, at *14-15 (D. Kan. 2011) [The distinction between claims of mental or emotional injury that are conjoined with physical injury and those that

8

are not, suggests that allegations of mental or emotional injury are not sufficient by themselves to qualify a plaintiff for the exception. . . . [A]llegations of constant stress, hypertension, depression, mental anguish, and sleep disorders are insufficient unless the prisoner explains how the conditions alleged in the complaint will imminently produce these injuries and how they are seriously dangerous]; Wood v. Hayman, 2009 WL 3424128, at *2 (D.N.J. 2009) [inmate's psychological injury claim that involuntary administration of unspecified prescription medications placed him in imminent danger under the § 1915(g) exception, because the medications may cause brain damage and psychological injury, did not satisfy the "imminent danger of serious physical injury" exception]; Cardona v. Bledsoe, 2011 WL 1832777, at *5 (M.D. Pa. 2011) [ there is no exception to the Three Strikes Rule based upon a showing of an imminent danger of a serious psychological injury; rather, to fall within the exception to the Three Strikes Rule, [a prisoner] must show an imminent danger of serious physical injury.].

## RECOMMENDATION

Based on the foregoing, unless payment of the full $400.00 filing fee is received from the Plaintiff, Plaintiff's Complaint, Motion for Preliminary Injunction, and Motion for an Order for Mental Examination should be dismissed, without prejudice and without service upon Defendants. Plaintiff's attention is directed to the important notice on the following page.

August 23, 2013
Charleston, South Carolina

Bristow Marchant
United States Magistrate Judge

9

### Notice of Right to File Objections to Report and Recommendation

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

